**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 25-21657-CV-WILLIAMS**

HONG KONG LEYUZHEN TECHNOLOGY CO. LIMITED,

Plaintiff,

v.

THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A HERETO,

Defendants.
_____________________________________________/

# ORDER

**THIS MATTER** is before the Court on United States Magistrate Judge Enjoliqué A. Lett's report and recommendation (DE 60) ("***Report***") regarding Plaintiff's Second Renewed *Ex-Parte* Motion for Alternate Service of Process by E-Mail and/or Electronic Publication (DE 51) ("***Alternative Service Motion***") and Plaintiff's Third Renewed *Ex-Parte* Motion for Temporary Restraining Order, Including a Temporary Asset Restraint, and Expedited Discovery (DE 52) ("***TRO Motion***"). The Report recommends that the Court grant both the Alternative Service and TRO Motions. No objections to the Report were filed. Accordingly, upon an independent review of the Report, the record, and applicable case law, it is **ORDERED AND ADJUDGED** as follows:

1. The Report (DE 60) is **AFFIRMED AND ADOPTED**.
2. Plaintiff's Alternative Service Motion (DE 51) is **GRANTED**.

3. Plaintiff is authorized to serve copies of the Second Amended Complaint (DE 49), Summons, and all filings and discovery in this matter upon Defendant in this action:
    a. Via electronic mail by directly providing electronic copies of the Second Amended Complaint (DE 49), Summons, filings, and discovery in this matter or by providing the URL to Plaintiff's designated website to Defendant via the e-mail address provided by that Defendant as part of the data related to its registration for its Online Store, including customer service e-mail addresses and onsite contact forms; and/or
    b. Via website by publicly posting copies of the Second Amended Complaint (DE 49), Summons, and all filings and discovery in this matter on Publication Website appearing at the URL: http://blointernetenforcement.com.
4. Plaintiff's TRO Motion (DE 52) is **GRANTED**.
5. Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them are temporarily enjoined and restrained from:
    a. Using or displaying Plaintiff's Copyrights, in any medium, whether it be print, digital, or otherwise, in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine product of Plaintiff or is not authorized by Plaintiff to be sold in connection with the Plaintiff's Copyrights;

b. Passing off, inducing, or enabling others to sell or pass off any product as a genuine product of Plaintiff or any other product produced by Plaintiff through the use or display of Plaintiff's Copyrights;

c. Committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

d. Manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff but capable of being passed off as a genuine product of Plaintiff or any other product produced by Plaintiff through the use or display of Plaintiff's Copyrights, nor authorized by Plaintiff to be sold or offered for sale through the use or display of Plaintiff's Copyrights; and

e. Defendant shall not transfer or dispose of any money or other of Defendant's assets in any of Defendant's financial accounts.

6. Plaintiff is authorized to issue expedited written discovery to Defendant, pursuant to Federal Rules of Civil Procedure 33, 34, 36, and 45 related to:

a. The identities and locations of Defendant, its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b. The nature of Defendant's operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplace and Defendant's financial accounts, including Defendant's sales and listing history related to its respective Online Marketplace; and

c. Any financial accounts owned or controlled by Defendant, including its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Temu.com ("***Temu***"), PayPal Inc. ("***PayPal***"), Alipay, ContextLogic Inc. d/b/a Wish.com ("***Wish***"), Alibaba Group Holding Ltd. ("***Alibaba***"), Ant Financial Services Group ("***Ant Financial***"), Amazon Pay, Afterpay, Klarna or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

7. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for the Defendant, or in connection with any of Defendant's Online Marketplace, including, without limitation, any online marketplace platforms such as TikTok Temu, eBay Inc., AliExpress, Alibaba, Amazon.com Inc., Wish, and Dhgate (collectively the "***Third Party Providers***"), shall, within fourteen (14) calendar days after receipt of such Plaintiff's request, provide to

Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

a. The identities and locations of Defendant, its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

b. The nature of Defendant's operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplace and Defendant's financial accounts, including Defendant's sales and listing history related to its respective Online Marketplace; and

c. Any financial accounts owned or controlled by Defendant, including its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Alipay, Wish, Alibaba, Ant Financial, Amazon Pay, or other merchant account providers, payment providers, third party processors, credit card associations (e.g., MasterCard and VISA), including present balances on any accounts.

8. Upon Plaintiff's request, those with notice of this Order, including the Third-Party Providers defined in Paragraph 7, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements

used by or associated with Defendant in connection with the sale of infringing goods using Plaintiff's Trademark.

9. Any Third-Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish, Afterpay, Klarna, and Amazon Pay, shall, within fourteen (14) calendar days of receipt of this Order:
    a. Locate all accounts and funds connected to Defendant's seller alias, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, and any e-mail addresses provided for Defendant by third parties; and
    b. Restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendant's assets until further order by this Court.
10. Within seven (7) business days of entry of this Order, Plaintiff shall deposit with the Court $5,000.00 (Five Thousand Dollars), either cash, cashier's check or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.
11. Defendant may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Southern District of Florida Local Rules. Any third party impacted by this Order may move for appropriate relief.

**DONE AND ORDERED** in Chambers in Miami, Florida on this 29th day of September, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

## SCHEDULE A

| NO. | SELLER'S NAME | LINK TO SELLER'S ONLINE STORE |
| --- | --- | --- |
| 1 | SOLYHUX | https://www.amazon.com/sp?ie=UTF8&seller=A2PDKMGSLRUPM3&asin=B0DSW49Y19&ref_=dp_merchant_link |